Evan Martyndale Livingstone, SBN 252008
182 Farmers Lane, Suite 100A
Santa Rosa, CA 95405
Tel: (707) 571-8600
Fax: (707) 676-9112
Email: evanlivingstone@sbcglobal.net

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: ) Case No. 09-41624
)
   Lance Thomas Libatique ) Chapter 13
   Roditha Aguirre Libatique )
)
   Debtor )
_____

**CERTIFICATE OF SERVICE**

I hereby certify that on **October 15, 2009**, a copy of above **NOTICE AND OPPORTUNITY FOR HEARING ON DEBTOR'S MOTION FOR ORDER VALUING SECOND LIEN OF EMC MORTGAGE AS $0** as well as a copy of Debtors **MOTION TO VALUE 2ND LIEN OF EMC MORTGAGE AT $0**, along with a was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

John Vella as President and COO
EMC Mortgage
2780 Lake Vista Drive
Lewisville, TX USA 75067

                                                   **/s/ Evan Martyndale Livingstone**
                                                 **Evan Martyndale Livingstone Esq.**
                                                 **182 Farmer's Lane, Suite 100A**
                                                 **Santa Rosa, CA 95405**
                                                 **(707) 571-8600Fax:(707) 676-9112**
                                                 **evanlivingstone@sbcglobal.net**

CERTIFICATE OF SERVICE OF NOTICE AND MOTION
Case: 09-41624    Doc# 23    Filed: 10/15/09    Entered: 10/15/09 16:22:56    Page 1 of 5

Evan Martyndale Livingstone, SBN 252008
182 Farmers Lane, Suite 100A
Santa Rosa, CA 95405
Tel: (707) 571-8600
Fax: (707) 676-9112
Email: evanlivingstone@sbcglobal.net

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: ) Case No. 09-41624
)
    Lance Thomas Libatique ) Chapter 13
    Roditha Aguirre Libatique )
)
    Debtor )
_____

**NOTICE AND OPPORTUNITY FOR HEARING ON DEBTOR'S MOTION
FOR ORDER VALUING LIEN OF EMC MORTGAGE AS $0**

    To Secured Creditor **EMC MORTGAGE**.

    Take Notice – <u>this is a Scream or Die Procedure</u>. Debtor is giving you Notice that you have an Opportunity for a hearing on Debtor's attached motion to value the lien you hold on Debtor's real property at zero dollars ($0), and for an order that the Lien may not be enforced, and for an order permanently stripping the Lien from Debtor's real property should Debtor receive a Discharge upon completing her Chapter 13 plan payments.:

    This scream or die procedure is prescribed by Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California. Under this procedure <u>any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 20 days of mailing of the notice</u>;

    A request for hearing or objection must be accompanied by any declarations or memoranda of law the party objecting or requesting wishes to present in support of its position;

Evan Martyndale Livingstone, SBN 252008
182 Farmers Lane, Suite 100A
Santa Rosa, CA 95405
Tel: (707) 571-8600
Fax: (707) 676-9112
Email: evanlivingstone@sbcglobal.net

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ) | Case No. 09-41624 |
| ) | |
|    Lance Thomas Libatique ) | Chapter 13 |
|    Roditha Aguirre Libatique ) | |
| ) | |
|    Debtor ) | |
| _____ | |

**MOTION FOR ORDER VALUING LIEN
OF EMC MORTGAGE AS $0**

To Secured Creditor **EMC Mortgage.**

### Relief Requested

Debtors hereby move pursuant to FRBP Rule 3012 and 11 U.S.C. §§506, 1322 (b)(2) and 1327 for an order valuing the secured claim of **EMC MORTGAGE**, it successors and/or assigns (Creditor), at zero dollars ($0), and for an order that the Lien may not be enforced, and shall be voided for all purposes, upon application by Debtor, when the Debtor completes her Chapter 13 plan payments and receives her discharge from the Court.

### The Motion

1. Debtors filed this Chapter 13 case on March 3, 2009. Martha G. Bronitsky is the duly appointed and acting Trustee to the bankruptcy estate.

2. This motion is filed pursuant to 11 U.S.C. §1322 to avoid and cancel a lien held by Creditor upon real property used as debtors' residence. This piece of real estate is the single-family dwelling described as 37050 Reynolds Common, Fremont, CA 95436 ("Real Property").

3. Debtor estimates the value of the Real Property to be $464,500.

4. On or about September 28, 2006, Creditor extended credit to Debtors and Debtors granted a security interest to Creditor in the Real Property that was properly perfected with the recording of the first deed of trust. Debtors are informed and believe that on the day the petition was filed the obligation to Creditor had a principal balance of $516,000. The loan number for this obligation is 5890015999550.

5. On or about September 28, 2006, Creditor extended credit to Debtor and Debtor granted a security interest to Creditor in the Real Property that was properly perfected with the recording of the second deed of trust. Debtors are informed and believe that on the day the petition was filed the obligation to Creditor had a principal balance of $120,000. The loan number for this obligation is 5890015999584.

6. The Real Property is worth less than what is currently owed to the holder of the senior first Deed of Trust. Creditor's second Deed of Trust is entirely unsecured and there is no equity to support said lien.

7. The claim of Creditor predicated on such second Deed of Trust is a wholly unsecured lien against the Real Property and is accordingly not protected by the anti-modification clause of Bankruptcy Code §1322. Lender Creditor's junior lien claim should therefore be valued pursuant to 11 U.S.C. §506 and Bankruptcy Rule 3012 at zero dollars ($0) and, after such valuation, voided, canceled, extinguished and formally stripped off of debtors' Real Property so that it no longer remains a recorded lien or encumbrance on the Real Property. The claim of Creditor on its second Deed of Trust should be paid only as a general unsecured claim Chapter 13 Plan and

1  should not be paid as a secured claim for any amount whatsoever. *In re Zimmer* (9th Cir. 2002)

2  313 F2d 1220, 1222-1225.

3      8. The 9th Circuit rule In re Zimmer allowing such wholly unsecured junior lien claim to

4  be stripped off the Real Property through a Chapter 13 Plan is in harmony with all of the other

5  Circuit decisions which have considered the issue. See *In re Lane* (6th Cir. 2002) 280 F3d 663,

6  667-669; *In re McDonald* (3rd Cir. 2000) 205 F3d 606, 615; *In re Tanner* (11th Cir. 2000) 217

7  F3d 1357; *In re Mann* (BAP 1st Cir. 2000) 249 BR 831; *In re Bartee* (5th Cir. 2000) 212 F3d

8  277.

9      9. Bankruptcy Rule 3012 provides that the court may determine the value of a claim

10  secured by a lien on property in which the estate has an interest on motion of any party in interest

11  and after a hearing on notice to the holder of the secured claim and accordingly the within

12  motion to determine and value lender's secured claim at zero ($0) dollars in debtors' Chapter 13

13  reorganization plan is proper.

14

15      WHEREFORE, debtors pray that the Court determine the Creditor's junior lien should be

16  valued at zero dollars ($0), that Creditor may take no action to enforce this lien, and for an order

17  avoiding the lien should debtors complete this Chapter 13 Plan and receive a discharge.

18

19  Date: July 11, 2009

20                                               */s/ Evan Livingstone*

21                                          Evan Livingstone
                                        Attorney for Debtor

22

23

24

DEBTOR'S MOTION FOR ORDER VALUING LIEN AT $0 – Page 3
Case: 09-41624   Doc# 20   Filed: 07/15/09   Entered: 07/15/09 16:02:56   Page 5 of 5